

**Signed: March 15, 2008**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 07-44503 T |
| | Chapter 11 |
| GEORGE HOLLAND JR., and | R.S. No. BRL 88 |
| LISA ALEXHOLLAND, | R.S. No. DHC 5986 |
| Debtors. | |
| _____/ | |

**MEMORANDUM RE MOTIONS FOR RELIEF FROM STAY**

The motions of General Motors Acceptance Corporation ("GMAC") and Calliance Realty Fund LLC ("Calliance") seeking relief from the automatic stay in the above-captioned case came on for a preliminary hearing on March 14, 2008. Appearances were stated on the record. At the conclusion of the hearing the Court granted partial relief to GMAC and took the remainder of its motion and the entirety of Calliance's motion under submission. Having duly considered the evidence and arguments presented by the parties, the Court sets forth its conclusions below. In sum, the Court now grants complete relief to GMAC and grants partial relief to Calliance.

**DISCUSSION**

**Background**

The above-captioned debtors filed a petition seeking relief under chapter 11 of the Bankruptcy Code on December 27, 2007. On the same day, they filed their schedules of assets and liabilities ("Schedules") and statement of financial affairs ("SOFA"). However, the Schedules did not list all of the debtors' property and omitted certain creditors, including Calliance. Although they appeared at their meeting of creditors on January 28, 2008, according to the notes on the docket, they failed to appear for their initial debtors' examination.

On January 31, 2008, the debtors filed an amendment to their SOFA and certain other required documents. A continued meeting of creditors and a status conference were both conducted on February 4, 2008. At the status conference, the debtors were ordered to file amended schedules. Amended Schedules were filed the same day. An amended SOFA was filed on February 11, 2008.

At the conclusion of the status conference, the Court issued an order, giving the debtors until March 6, 2008 to file a plan and disclosure statement and to submit a proposed form of order conditionally approving the disclosure statement and setting a confirmation hearing. The debtors filed a plan on March 6, 2008 but did not file a disclosure statement and did not submit a proposed form of order.

On March 11, 2008, the Office of the United State Trustee (the "UST") filed a motion to convert the case to chapter 7. The motion

notes that the debtors have failed to file monthly operating reports or pay quarterly fees to the UST.  It further notes that, although the debtors filed a plan by the date set forth in the Court's order, they failed to comply with the order by filing a disclosure statement or submitting a proposed form of order.  The motion is set for hearing on March 31, 2008.

**The Motions**

The motion of GMAC sought relief to repossess two leased vehicles, a 2005 Hummer and a 2007 Cadillac.  The motion indicated that the monthly payments on the Hummer are $626, that the monthly payments on the Cadillac are $1,979, and that no payments have been received on either vehicle since October 2007.  In addition, the motion represents that the 2007 Cadillac was purchased in August 2007 so that only three payments were made on the lease before the debtors defaulted.  The motion also states GMAC's belief that neither vehicle is insured.

The motion of Calliance represents that it holds a junior secured claim on the debtors' residence in the approximate amount of $210,000 behind a first deed of trust in the approximate amount of $1,115,000.[1]  Calliance represents that the debtors are not making payments to the holder of the first deed of trust, thus putting its claim at risk.  It represents that it has not yet recorded a notice of default and seeks relief, at least, to do so.  Calliance values the residence at $1,600,000.

---

[1] Calliance notes that the debtors failed to schedule them as secured creditors.

3

On March 11, 2008, the debtors filed oppositions to the two motions for relief. In response to GMAC's motion for relief, the debtors represent that the vehicles are insured and that they intend to propose payment of GMAC's debt through their plan. They represent that the vehicles are necessary for their reorganization because debtor Lisa Alexholland uses the Cadillac to drive to work and to care for her two minor children. They do not address the necessity of the Hummer. However, they apparently propose to retain it as well at the same time disclosing that the lease is due to terminate on March 31, 2008.

In response to Calliance's motion, the debtors contend that the value of the residence is actually in excess of $1.6 million. Thus, they contend that Calliance is not entitled to relief under 11 U.S.C. § 362(d)(2).[2] In addition, they contend that Calliance is adequately protected by the value of the real property so that relief should not be granted under 11 U.S.C. § 362(d)(1). They do not deny that they have defaulted on their payments to the creditor holding the first deed of trust on their residence, thus putting Calliance's junior secured position at risk.

**Decision**

At the hearing, the Court concluded that GMAC should clearly be granted relief from the automatic stay with respect to the Hummer. The debtor may not retain a vehicle after the lease has terminated. The Court found the lease payment on the Cadillac unreasonably high.

---

[2] The debtors fail to explain why they originally scheduled the value of the residence at only $1 million.

4

It was not persuaded by the debtor's contention at the hearing that she would be unable to obtain a replacement vehicle while she was in bankruptcy.[3] However, the Court took this part of the motion under submission because it had not yet reviewed the debtors' plan.

Having now reviewed the plan, the Court concludes that the motion should be granted with respect to the Cadillac as well. The plan proposes to assume the lease with respect to the Cadillac. Thus, any past due amounts would have to be paid on or before the effective date. However, no payments are apparently proposed in the meantime despite the fact that the value of the Cadillac is indisputably less than the debt. The debtors may not retain a leased vehicle in which they have no equity pending confirmation without making monthly payments. Moreover, having now reviewed the debtors' plan, the Court concludes that the debtors are unlikely to be able to confirm a plan within a reasonable time.

The plan is grossly defective. It provides for certain payments on the effective date but fails to define the effective date. It fails to classify all of its secured debt and includes one secured claim in its class of general, unsecured claims. It proposes to modify debt secured only by their principal residence contrary to the law since the enactment of BAPCPA. It fails to classify equity while proposing that the debtors will retain their interests in their property. It proposes to discharge their unsecured debts without paying them anything. Moreover, the source of their proposed

---

[3]Very likely, the debtors could purchase a car that operates adequately for the price of one monthly payment on the Cadillac.

5

payments, their accounts receivable, appear to be of dubious collectibility, virtually all being more than 90 days past due.

With respect to Calliance's motion, the Court concludes that the motion should be granted at this time only to a limited extent, so as to permit Calliance to record its notice of default. The Court believes that it is likely to convert the case to chapter 7 on March 31, 2008. If the Court were certain that the value of the residence were $1.6 million or more, it might not grant Calliance even this limited relief. To do so may hamper to some extent a chapter 7 trustee's efforts to sell the residence. It does not appear that the holder of the first deed of trust has filed a motion for relief from the automatic stay at this time.

However, the Court is mindful that the debtors originally placed a much lower value on the residence. While the senior lender has not yet requested relief from the automatic stay, it may have recorded a notice of default before the bankruptcy was filed. Therefore, the Court is not persuaded that Calliance has sufficient adequate protection to justify denying any sort of relief.

**CONCLUSION**

For the reasons stated above, GMAC's motion is granted in its entirety, and GMAC's counsel is directed to submit a proposed form of order accordingly. Calliance's motion is granted in part so that it may record its notice of default. If the debt remains in default when the default period has run, Calliance may place its motion back

6

on calendar to seek additional relief. Calliance is directed to submit a proposed form of order accordingly.

END OF DOCUMENT

7

COURT SERVICE LIST

Lisa Alexholland
George Holland, Jr.
3920 Columbian Dr.
Oakland, CA 94605

Benjamin R. Levinson
46 N. Second St., Ste. A
Campbell, CA 95008

Adam N. Barasch
Severson & Werson
One Embarcadero Center, Ste. 2600
San Francisco, CA 94111